

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-48,152-08

### Ex parte GARCIA GLEN WHITE, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS IN CAUSE NO. 723847 IN THE 180TH JUDICIAL DISTRICT COURT HARRIS COUNTY

RICHARDSON, J., filed a concurring opinion in which HERVEY and NEWELL, JJ., joined.

### CONCURRING OPINION

I agree with the Court's interpretation of the statutory language in question. It would seem that the plain language of Article 11.073 restricts the meaning of the phrase, "would not have been convicted," to apply only to the verdict of guilt and not to the assessment of punishment. This is consistent with the Court's interpretation of this exact phrase in *Ex parte Gutierrez*, 337 S.W.3d 883, 901 (Tex. Crim. App. 2011). And, as noted by the majority, *Gutierrez* was decided two years before Article 11.073 was enacted. The Legislature was aware of how the phrase, "would not have been convicted," would be interpreted by this Court. Had the Legislature intended Article 11.073 to apply to punishment, it could have explicitly said so. Therefore, I join the majority.

However, this is a harsh result, particularly in a death penalty case where the jury is often asked to evaluate expert scientific testimony and scientific evidence in assessing whether the death penalty is the proper punishment. The points made by the dissenting opinion are valid. In my opinion, Article 11.073 should have been written to apply to both the guilt and punishment phases of a trial—at least a death penalty trial.

FILED:        November 2, 2016

PUBLISH